IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS M. RAPAK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI | : | NO.  20-4434 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    January 7, 2022

Nicholas M. Rapak ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.  Plaintiff has filed a brief in support of his request for review and the Commissioner has responded to it.  For the reasons set forth below, Plaintiff's request for review is denied and judgment is entered in favor of the Commissioner.

## I.     PROCEDURAL HISTORY[1]

On December 22, 2017, Plaintiff applied for DIB, alleging disability since June 6, 2014. R. 15.  The claim was denied, initially, and Plaintiff requested a hearing.  *Id.*  On July 25, 2019, Plaintiff appeared before Shawn Bozart, Administrative Law Judge ("the ALJ"), for a video hearing; [2] Plaintiff, who was represented by an attorney, and vocational expert Richard Riedl ("the VE") testified at the hearing.  R. 28-55.  On August 1, 2019, the ALJ, using the sequential evaluation process for disability,[3] issued an unfavorable decision.  R. 15-23.  The Appeals Council

---

[1] The court has reviewed and considered the following documents in analyzing this case:  Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), and the administrative record.  ("R.").
[2] Plaintiff was in Reading, Pennsylvania and the ALJ was in Baltimore, Maryland.  R. 15.
[3] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

denied Plaintiff's request for review, on July 1, 2020, making the ALJ's findings the final determination of the Commissioner. R. 1-3. The parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born on March 21, 1980, completed high school. R. 22. His past employment was primarily heavy construction work; Plaintiff stopped working after he was in a serious car accident in June 2014.[4] R. 36. Plaintiff resides with his wife and teenage daughter. R. 35.

B. <u>Plaintiff's Testimony</u>

Plaintiff's main problems are right foot and right shoulder pain and limitations, caused by his June 2014 car accident. R. 35-37. His right ankle is stiff, has limited mobility and tends to swell. R. 37. Plaintiff is unable to walk on uneven ground or in the snow, he cannot jog or run,

---

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).

[4] Plaintiff stated that his car was struck in the rear by a tri-axle vehicle which pushed his car into a telephone pole and then a home. R. 36.

and he has trouble climbing stairs. R. 37. His doctors have told him that fusion surgery may be in his future and, eventually, he will be confined to a wheelchair. R. 37. As a result of his shoulder injury, Plaintiff has hand numbness. R. 39. After his last appointment with his shoulder surgeon, Plaintiff was told to adjust his lifestyle and activities to accommodate his new limitations. R. 41. The only treatment Plaintiff receives for his shoulder and foot problems is narcotic pain medication. R. 40-41. He has suffered withdrawal symptoms when insurance companies delayed filling his prescriptions. R. 44.

Plaintiff can only sit for 15 to 20 minutes, before having to change position. R. 42-43. He did not estimate how long he could stand, but stated that, while standing, he must shift his weight from one foot to the other. R. 43.

When dressing, Plaintiff has difficulty fastening buttons, putting on a belt and tying his shoes. R. 38. Although he can shower, he is afraid of falling;[5] Plaintiff has been told that, if he injures his shoulder again, it cannot be repaired. R. 38, 44.

The only household chore Plaintiff performs is cutting the lawn using a riding mower. R. 38. He is no longer able to perform weeding; his wife now does. R. 38.

C.   Vocational Testimony

The VE considered Plaintiff's past jobs and described them as follows: (1) construction worker I, a heavy,[6] semi-skilled[7] job; (2) shipping and receiving clerk, a medium,[8] skilled[9] job;

---

[5] Plaintiff testified that his shower is too small to accommodate a shower chair. R. 44.
[6] "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds." 20 C.F.R. § 404.1567(d).
[7] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*
[8] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).
[9] "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. …

and (3) construction worker II, a very heavy,[10] unskilled[11] job.  R. 47-49.  The ALJ next asked the VE to consider a person of Plaintiff's age, education, work experience, limited to sedentary[12] work, who could:  occasionally balance, crouch, crawl, stoop, bend or kneel; never climb ropes, ladders, or scaffolds; frequently reach, handle, finger, and feel with the right upper extremity; but could not be exposed to unprotected heights, dangerous or moving machinery or machine parts.  R. 49.  The VE testified that, although this person could not perform any of Plaintiff's past jobs, he could perform three alternative jobs:  (1) production inspector (58,000 available jobs); (2) assembler (55,000 available jobs); and (3) addresser (140,000 available jobs).  R. 49-50.  The VE then considered the same individual with the additional limitations of being off-task more than 10% of the workday, and missing more than one day of work each month for health reasons and opined that either limitation would preclude all work.  R. 50-51.  Plaintiff's attorney asked the VE whether the three jobs he had identified could be performed while sitting or standing.  R. 52.  The VE responded yes, however, the sit-stand option would reduce the number of available jobs to:  (1) production inspector (40,000 available jobs); (2) assembler (40,000 available jobs); and (3) addresser (80,000 available jobs).  R. 52-53.

### III.     THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

> 1.     [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2016 (B8D).

---

Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity." 20 C.F.R. § 404.1568(c).

[10]"Very heavy work involves lifting object weighing more than 100 pounds at a time with frequent lifting or carrying of objects weighing 50 pounds or more."  20 C.F.R. § 404.1567(e).

[11]"Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.  The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs."  20 C.F.R. § 404.1568(a).

[12] "Sedentary work involves lifting no more than 10 pounds at a time and occasional lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a).

2. [Plaintiff] did not engage in substantial gainful activity during the period from his alleged onset date of June 6, 2014 through his date last insured of December 31, 2016 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] had the following severe impairments: right shoulder disorder, right ankle disorder, and obesity (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, [Plaintiff] had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except [Plaintiff] could only occasionally balance, crouch, crawl, stoop, bend or kneel and occasionally climb stairs or ramps. [Plaintiff] could not climb ladders, ropes, or scaffolds. [Plaintiff] could frequently reach, handle, and finger with his right upper extremity. [Plaintiff] should not be exposed to unprotected heights, dangerous or moving machinery and machine parts.

6. Through the date last insured, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on March 21, 1980 and was 36 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules (20 CFR 404.1568 and 416.968) as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569 and 404.1569(a)).

11. [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from June 6, 2014, the alleged onset date, through December 31, 2016, the date last insured (20 CFR 404.1520(g)).

R. 17-18, 21-23.

## IV. DISCUSSION

A. <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). It is more than a mere scintilla of evidence but may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.     Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity.  *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.     Review of the Administrative Law Judge's Decision

Applying the sequential analysis process, the ALJ determined that, although Plaintiff could no longer perform his past relevant work, he could perform other, sedentary work that exists in the national economy; hence, Plaintiff was not disabled.  R. 15-23.  Plaintiff contends that the ALJ erred by failing to:  (1) accept the second hypothetical question as accurately portraying his

established impairments; and (2) accord proper weight to the opinions of his treating physicians. Pl. Br. at 5-6. The Commissioner denies Plaintiff's assertions. Resp. at 6-15. This court finds that Plaintiff's arguments lack merit.

### 1. The ALJ Properly Declined to Accept the Second Hypothetical Question

Plaintiff notes that the second hypothetical question posed to the VE rendered the opinion that the individual could not work. Pl. Br. at 5. He asserts that the ALJ should have accepted those variables as his residual functional capacity ("RFC"). *Id.* This assertion is unsupported.

The ALJ was not obliged to accept the second hypothetical as an accurate portrayal of Plaintiff's RFC, because, after reviewing the record, it was solely his duty to decide Plaintiff's RFC. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). Consistent with his duty and discretion, the ALJ rejected the second hypothetical as Plaintiff's RFC and selected the first hypothetical. R. 18. Plaintiff asserts that the second hypothetical question is consistent with his testimony and his treatment records, Pl. Br. at 5, however, the ALJ did not fully credit Plaintiff's testimony and found that Plaintiff's treatment records did not support a greater degree of limitation than the RFC he actually set. R. 19-21. Plaintiff provides no specific evidence to refute the ALJ's consideration of his testimony or his treatment records. Pl. Br. at 5. Hence, his first assertion of error is unsupported.

### 2. The ALJ Afforded Proper Weight to the Medical Opinions in the Record

Plaintiff asserts that his treating physicians provided medical opinions to which the ALJ should have afforded controlling or greater weight. Pl. Br. at 5-6. This assertion lacks merit.

Plaintiff filed his claim for benefits after March 27, 2017, hence, new regulations applied to his claim. *See* 20 C.F.R. § 404.1520c. The new regulations no longer allow for controlling weight to be assigned to the opinions of treating physicians. 20 C.F.R. § 404.1520c(a). Moreover,

the ALJ did not find that Plaintiff's treating sources provided any medical opinions. *See* R. 21. Plaintiff fails to cite any part of the record where his treating physicians rendered the medical opinions he attributes to them. *See* Pl. Br. at 4, 6. Hence, this assertion of error is unsupported and lacks merit.

    An implementing order and order of judgment follow.